**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br>ROBERT E. COGSWELL<br><br>    Debtor<br>_____<br><br>JOHN DOTSON<br><br>    Plaintiff<br><br>v.<br><br>ROBERT E. COGSWELL<br><br>    Defendant | Chapter 7<br>Case No. 10-43436-MSH<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 10-04113 |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    The debtor, Robert E. Cogswell, and John Dotson, one of his creditors, have been battling for several years, first in state court and now in bankruptcy court, over what should have been a routine real estate transaction. Litigation began in 2004 in the Palmer District Court Department of the Massachusetts Trial Court and proceeded from there to the Massachusetts Appellate Division of the District Court Department.[1] The relevant facts set forth below are gleaned to some extent from the pleadings and answers to interrogatories filed by the parties in this case but for the most part are derived from the rulings of the Massachusetts district court and its appellate

---

[1] The Appellate Division's decision may be found at 2010 Mass. App. Div. 17, 2010 WL 437983 (Mass. App. Div.).

1

division.

In December 2003 Mr. Dotson contracted with Mr. Cogswell and his associate, Lloyd E. Shelton, who were doing business as S.C. Construction, to purchase Lot 1, Jewett Road in Barre, Massachusetts. At the time of the purchase and sale agreement, a substantially completed house had been built on the lot and it was anticipated that completion would occur prior to closing. By the time of the closing, in January 2004, only the landscaping remained to be completed. At the closing, the parties entered into a holdback agreement in which the sellers agreed to complete the landscaping work by June 1, 2004 and, in order to indemnify Mr. Dotson for their failure to do so, to place $3,000 of Mr. Dotson's purchase money in escrow to be applied toward the cost of completion of the work by a third party or toward legal fees incurred by him. The landscaping was not completed by June 1, 2004 and, for reasons which remain unclear, the $3,000 escrow fund was not applied toward completion.

In September 2004 Mr. Dotson filed suit in the Massachusetts district court against Mr. Cogswell, claiming breach of contract and violation of Mass. Gen. Laws ch. 93A ("Chapter 93A"). Mr. Dotson later amended his complaint to add Mr. Shelton and S.C. Construction as defendants and to include a fraudulent conveyance claim. Before trial, the district court dismissed Mr. Dotson's fraudulent conveyance claim.

In June 2007 the Massachusetts district court ruled in Mr. Dotson's favor on the breach of contract claim but ruled in favor of the defendants on the Chapter 93A claim in light of Mr. Dotson's failure to provide the defendants with a timely demand letter. The court found that Mr. Cogswell and his co-defendants had failed to properly complete the grading, raking, seeding, or haying of the property, which caused water to pool in Mr. Dotson's backyard and accordingly

2

entered judgment in favor of Mr. Dotson for $35,200 plus interest and costs.

On November 28, 2007, Mr. Cogswell sent Mr. Dotson a letter offering to settle the district court judgment for the original $3,000 escrow amount plus an additional $7,000 in cash, and informing Mr. Dotson that if he chose not to accept the offer Mr. Cogswell would use the funds to file for bankruptcy as his business partner Mr. Shelton had already done.

On December 10, 2007, Mr. Cogswell appealed the Massachusetts district court judgment to the appellate division of the district court.  The appellate division issued its ruling affirming the trial court judgment on February 4, 2010 and thereafter Mr. Dotson obtained a judgment lien against Mr. Cogswell's residence at 972 West Street, Barre, Massachusetts.  On July 7, 2010, five months after the appellate division ruling, Mr. Cogswell filed his bankruptcy petition under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) commencing the main case.

Mr. Dotson, acting without an attorney, instituted this adversary proceeding on August 17, 2010 with a two-count complaint against Mr. Cogswell, Mr. Shelton, and S.C. Construction: count one seeking a determination that the debt owed by Mr. Cogswell to Mr. Dotson be excepted from Mr. Cogswell's discharge and count two seeking a denial of Mr. Dotson's discharge generally. Mr. Cogswell initially moved to dismiss the adversary proceeding for untimely service under Federal Rule of Bankruptcy Procedure 7004(e), which I denied.  On December 7, 2010 Mr. Cogswell again moved to dismiss the adversary proceeding, this time for failure to state a claim and for the court's lack of subject-matter jurisdiction over the non-debtor defendants, Mr. Shelton and S.C. Construction.  On January 14, 2011 I granted Mr. Cogswell's second motion to dismiss but delayed dismissal for two weeks to permit Mr. Dotson to file a new complaint.

Mr. Dotson filed an amended complaint on January 28, 2011, in which he named Mr.

Cogswell as the sole defendant. Mr. Cogswell again moved to dismiss. Before the hearing on the motion to dismiss, Mr. Dotson moved to further amend the complaint to add a third count for bankruptcy fraud under 18 U.S.C. §§ 1001 and 152. On March 24, 2011 I granted Mr. Cogswell's motion to dismiss but only as to the count of Mr. Dotson's complaint seeking to except his debt from discharge. I then granted Mr. Dotson's motion to amend his complaint to include a bankruptcy fraud count, but issued an order limiting the surviving claims in the adversary proceeding exclusively to claims for the general denial of discharge under Bankruptcy Code §§ 727(a)(2), (a)(3), and (a)(4).[2] On April 1, 2011 Mr. Cogswell filed an answer to the amended complaint and the parties undertook discovery. Mr. Cogswell filed a motion for summary judgment on July 18, 2011. His summary judgment motion is the subject of this memorandum and order.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 65(c), made applicable by Fed. R. Bankr. P. 7065. A "genuine" issue is one supported by such evidence that "a reasonable jury, drawing favorable inferences," could resolve in favor of the nonmoving party. *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (quoting *Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 427 (1st Cir. 1996)). A fact is "material" if it has "the potential to change the outcome

---

[2] I do not have jurisdiction over Mr. Dotson's claims under 18 U.S.C. §§ 1001 and 152. Title 18 deals with federal crimes and sentencing guidelines and "[t]he Bankruptcy Court's authority extends to civil matters only." 341 B.R. 804, 812 (Bankr. S.D. Fla. 2006). However, the factual allegations within count three of Mr. Dotson's complaint, particularly the false statement allegations, are relevant to § 727(a)(4). In limiting the adversary proceeding to claims under §§ 727(a)(2), (a)(3), and (a)(4), Mr. Dotson's justiciable claims have been preserved.

4

of the suit" under governing law if such fact is found in favor of the nonmovant. *McCarthy v. Nw. Airlines, Inc.* 56 F.3d 313, 314-15 (1st Cir. 1995).

Mr. Cogswell bears the initial responsibility to inform the court of the basis for his motion and to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which he believes demonstrate the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When, as in this case, Mr. Dotson has the burden of proof on the underlying complaint, Mr. Cogswell need do no more than aver an absence of factual support for Mr. Dotson's case. The burden of production then shifts to Mr. Dotson, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both "genuine" and "material." *Desmond v. Varrasso*, 37 F.3d 760, 763 n.1 (1st Cir. 1994) (citations omitted).

Mr. Dotson points to his answers to interrogatories and to the facts set forth in his amended complaint as sufficient to establish the existence of genuine and material facts in dispute. The relevant allegations include:

- When asked by the Chapter 7 trustee at the meeting of creditors under Bankruptcy Code §341 whether he was paying a mortgage on property on Jewett Road in Barre, Mr. Cogswell, who was under oath, answered "yes," but did not list such payment as an expense on schedule J to his bankruptcy petition.

- Mr. Cogswell did not list any Jewett Road property as owned by him on the list of real estate owned in schedule A to his petition and he failed to list his boat trailer, tools, van, or car on the list of personal property in schedule B to his petition.

- Mr. Cogswell failed to disclose his affiliation with S.C. Construction in response to

5

question 18 of his statement of financial affairs filed in the main case, which requires disclosure of all business affiliations within six years of bankruptcy, nor did he disclose this affiliation in response to a similar question by the Chapter 7 trustee at the 341 meeting.

- In response to question 1 of his statement of financial affairs, Mr. Cogswell disclosed gross income of "+/- $12,000" for the year 2009, yet he told the Chapter 7 trustee at the 341 meeting that his income for 2009 was $120,000.

- Mr. Cogswell listed a 1976 seventeen-foot Manatee boat with outboard motor on schedule B to his bankruptcy petition when, according to Mr. Dotson, the boat is a 1969 model.

- Mr. Cogswell identified on the list of his unsecured creditors set forth in schedule F to his bankruptcy petition a credit card debt to JPMorgan Chase in the amount of $15,425 as of the July 7, 2010 bankruptcy petition date, when a credit card statement from JPMorgan Chase dated June 4, 2010 indicates a balance due of $15,216.98.

- In response to question 17 of the statement of financial affairs (Environmental Information), Mr. Cogswell failed to disclose the identities of two governmental units that provided him with notice of potential environmental liability.[3]

- On schedule D to the bankruptcy petition and in the debtor's statement of intention, Mr. Cogswell listed a debt owed to Athol-Clinton Co-op secured by "0 Jewett

---

[3] In his answers to Mr. Cogswell's interrogatories, Mr. Dotson states that Mr. Cogswell failed to list the names of two separate agencies. However, the exhibits offered by Mr. Dotson indicate only that the Barre Board of Health issued notice of potential environmental liability.

6

- Road" when that property is not owned by Mr. Cogswell.

- Mr. Cogswell's reference to "0 Jewett Road" in the schedules to his bankruptcy petition should have been to "2 Jewett Road."

According to Mr. Dotson, the foregoing acts and omissions constitute grounds under Bankruptcy Code § 727(a)(2), (a)(3), and (a)(4) for denying Mr. Cogswell the benefit of a discharge.

Under Bankruptcy Code § 727(a)(2), a debtor may be denied a discharge if the debtor transferred, removed, destroyed, mutilated, or concealed property belonging to the debtor, or caused the same, within one year of the bankruptcy petition (§ 727(a)(2)(A)) or after the date of the petition (§ 727(a)(2)(B)) with the intent to hinder, delay, or defraud a creditor.[4] As intent is rarely ascertainable by direct evidence, fraudulent intent may be inferred from circumstantial evidence. *In re Bartel*, 2009 WL 2461727, at *1 (citing *Devers v. Bank of Sheridan (In re Devers)*, 759 F.2d 751, 754 (9th Cir. 1985)).

The specific factual and legal arguments offered by Mr. Dotson in opposition to Mr. Cogswell's motion for summary judgment with respect to his § 727(a)(2) claim are addressed in his answers to Mr. Cogswell's interrogatories. In interrogatory question 10, Mr. Cogswell asked

---

[4] Bankruptcy Code § 727(a)(2) states:

The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

7

Mr. Dotson to support his claim as to § 727(a)(2)(A):

> If you contend that Robert E. Cogswell, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the debtor, within one year before the date of the filing of the petition; then set forth in complete detail each fact, item of evidence, document, writing, electronically stored information or other information that would support this contention.

Mr. Dotson responded by stating, "Robert E. Cogswell and his Attorney did not list [L]ot 2 Jewett Road but list[ed] the property as [L]ot 0 Jewett Road."

In interrogatory question 11, Mr. Cogswell asked Mr. Dotson to support his claim as to § 727(a)(2)(B):

> If you contend that Robert E. Cogswell, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the estate, after the date of the filing of the petition, then set forth in complete detail each fact, item of evidence, document, writing, electronically stored information or other information that would support this contention.

Mr. Dotson responded as follows: "Robert E. Cogswell and his Attorney list[ed] in his petition Lot 0 Jewett Road but not Lot 2 Jewett Road. All documents sent to Attorney O'Connor on May 6, 2011."

Mr. Dotson's answers to interrogatory questions 10 and 11 reflect as grounds for his § 727(a)(2) claim Mr. Cogswell's listing on his petition and supporting schedules Lot 0, Jewett Road but not Lot 2, Jewett Road. Yet it is undisputed that Mr. Cogswell and his partner Mr. Shelton transferred Lot 2, Jewett Road to a Cogswell affiliate, L.B. Builders, Inc., more than five years before Mr. Cogswell filed his bankruptcy petition. Mr. Dotson attached to his amended complaint a copy of a deed dated February 8, 2005 by which Mr. Dotson and Mr. Shelton effected

8

this transfer. Further, Mr. Dotson has offered no factual support for a claim that Mr. Cogswell transferred property at any point *after* the petition date. As Mr. Dotson has made no showing that Mr. Cogswell transferred property either in the one year prior to his filing bankruptcy (§ 727(a)(2)(A)) or at any time following his filing (§ 727(a)(2)(B)), Mr. Dotson's claim for denial of discharge under § 727(a)(2) cannot withstand a motion for summary judgment.

Bankruptcy Code § 727(a)(3) calls for a denial of discharge when "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained unless such act or failure to act was justified under all of the circumstances of the case."[5] In interrogatory question 12, Mr. Cogswell asked Mr. Dotson to support his claim as to § 727(a)(3):

> If you contend that Robert E. Cogswell has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which his financial condition or business transactions might be ascertained unless the act or failure to act was justified under all of the circumstances of the case, then set forth in complete detail each fact, item of evidence, document, writing, electronically stored information or other information that would support this contention.

Mr. Dotson responded by stating, "All documents sent to Attorney O'Connor on May 6, 2011." The list of documents provided by Mr. Dotson to Mr. O'Connor includes thirty-nine separate items, none of which supports a claim that the debtor concealed, destroyed, mutilated, falsified, or

---

[5] Bankruptcy Code §727(a)(3) states:

> The court shall grant the debtor a discharge, unless—
>
> > (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

9

failed to keep any documents. Further, none of Mr. Dotson's other allegations would support a § 727(a)(3) claim. At a hearing on March 24, 2011, Mr. Dotson suggested that Mr. Cogswell failed to provide him with the tax returns of L.B. Builders, Inc., a company with which Mr. Cogswell was affiliated. As noted at the hearing, however, Mr. Dotson could have subpoenaed L.B. Builders, Inc. or any of Mr. Cogswell's other affiliates to obtain their tax returns or business records pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure. Mr. Cogswell's non-production of L.B. Builders, Inc.'s tax returns cannot be considered a factor in concluding that he ran afoul of § 727(a)(3). As Mr. Dotson has raised no genuine issue of material fact or viable legal argument as to his § 727(a)(3) claim, Mr. Cogswell is entitled to summary judgment on that claim as well.

Under § 727(a)(4), a debtor may be denied a discharge if the debtor "knowingly or fraudulently, in or in connection with the case . . . made a false oath or account [or] presented or used a false claim."[6] A material fact under § 727(a)(4) (not to be confused with a material fact under the summary judgment standard) is one that has a non-trivial effect upon the estate and creditors. *In re Sullivan*, 448 B.R. 1, 8 (Bankr. D. Mass. 2011) (citing *Gordon v. Mukerjee (In re Mukerjee)*, 98 B.R. 627, 629 (Bankr. D.N.H. 1989)). The requirement that a false oath be "knowingly and fraudulently" made is met "if the debtor 'knows the truth and nonetheless willfully and intentionally swears to what is false.'" *In re Sullivan*, 444 B.R. at 8 (Bankr. D.

---

[6] Bankruptcy Code § 727(a)(4), in pertinent part, provides:

    The court shall grant the debtor a discharge, unless—

   . . .

        (4) the debtor knowingly and fraudulently, in or in connection with the case—

            (A) made a false oath or account;
            (B) presented or used a false claim

10

Mass. 2011) (quoting *Mukerjee*, 98 B.R. at 629).   As the Court of Appeals for the First Circuit has observed, "reckless indifference to the truth . . . has consistently been treated as the functional equivalent of fraud for purposes of §727(a)(4)(A)."  *In re Sullivan*, 444 B.R. at 8 (quoting *Boroff v. Tully, (In re Tully)*, 818 F.2d 106, 112 (1st Cir. 1987)).

In his amended complaint and answers to interrogatories, Mr. Dotson set forth allegations of false oaths made by Mr. Cogswell either on the schedules or statement of financial affairs supporting his bankruptcy petition or at the creditor's meeting under Bankruptcy Code § 341.  Several of these alleged false oaths do not rise to the level of materiality.   Mr. Cogswell's listing on schedule B to his bankruptcy petition a 1976 Manatee boat when Mr. Dotson has provided an email suggesting the boat is in fact a 1969 model, or Mr. Cogswell's listing on schedule F a credit card debt to JPMorgan Chase in the amount of $15,425 when a prior billing statement from JPMorgan Chase indicated a balance due of $15,216.98, are examples of technical but harmless errors.

However, several representations made by Mr. Cogswell in his sworn filings and testimony before the chapter 7 trustee would, if proven false by Mr. Dotson, be material to the case and relevant in determining whether Mr. Cogswell is entitled to a discharge under Chapter 7 of the Bankruptcy Code.   Mr. Dotson alleges that Mr. Cogswell did not list S.C. Construction as a business affiliation in response to question 18 of his statement of financial affairs.   Mr. Dotson contends that Mr. Cogswell failed to accurately report his gross income in 2009 in response to question 1 on the statement of financial affairs and that Mr. Cogswell indicated to the trustee at the § 341 meeting that his gross income for 2009 was $120,000 rather than the "+/- $12,000" contained in his answer to question 1.   Mr. Dotson also alleges that Mr. Cogswell listed on

schedule D to his petition that Athol-Clinton Co-op held a mortgage on 0 Jewett Road when it is Mr. Dotson's contention that Mr. Cogswell did not own property at 0 Jewett Road on the date of his bankruptcy petition.   Finally, Mr. Dotson asserts that Mr. Cogswell failed to list in response to question 17 on the statement of financial affairs the name of any governmental entity that provided him with notice of potential environmental liability.   Mr. Dotson attached as an exhibit to his answers to interrogatories a copy of a letter from the Barre Board of Health addressed to Mr. Cogswell demanding that Mr. Cogswell excavate around the septic system on Mr. Dotson's property to ensure that decomposition of tree stumps adjacent to the septic system would not cause environmental damage.

Mr. Dotson has raised genuine issues of material fact as to the veracity of sworn statements by Mr. Cogswell in his schedules, statement of financial affairs, and at the 341 meeting, and whether the statements, if determined to be untrue, were made knowingly and fraudulently.   I thus find a trial is necessary to determine these questions of fact.   Therefore, Mr. Dotson's claims under §727(a)(4) will survive summary judgment.

Based on the foregoing, I grant Mr. Cogswell's motion for summary judgment as to the claims under §727(a)(2) and (3) and deny the motion as to § 727(a)(4).

SO ORDERED.


At Worcester, Massachusetts this 4th day of January, 2012.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

12

    Counsel Appearing:    James L. O'Connor, Nickless, Phillips and O'Connor
Fitchburg, Massachusetts
For the defendant

John Dotson
Pro Se
For the plaintiff