UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>ROBERT E. COGSWELL<br><br>    Debtor<br><br>JOHN DOTSON<br><br>    Plaintiff<br><br>v.<br><br>ROBERT E. COGSWELL<br><br>    Defendant | Chapter 7<br>Case No. 10-43436-MSH<br><br><br><br><br><br>Adversary Proceeding<br>No. 10-04113 |

**MEMORANDUM OF DECISION**

John Dotson, the pro se plaintiff in this adversary proceeding, holds a $35,200 state court judgment against the debtor-defendant, Robert E. Cogswell. Mr. Dotson's complaint contained a number of assertions and requests for relief involving both Mr. Cogswell's general discharge under Bankruptcy Code § 727 (11 U.S.C. § 101, *et seq.*), and the dischargeability of Mr. Dotson's judgment debt under Bankruptcy Code § 523. Through motions to dismiss and a motion for summary judgment[1] only a single count of Mr. Dotson's complaint survived for trial—Mr. Dotson's claim that Mr. Cogswell should be denied a discharge of all his debts under Bankruptcy Code § 727(a)(4).

---

[1] See the Memorandum and Order on Defendant's Motion for Summary Judgment dated January 1, 2012, Docket No. 80.

1

Section 727(a)(4) provides in pertinent part:

The court shall grant the debtor a discharge, unless—
. . .
    (4) the debtor knowingly and fraudulently, in or in connection with the case—

        (A) made a false oath or account;
        (B) presented or used a false claim

As the statutory entitlement to a discharge is to be construed "liberally in favor of the debtor[] . . . [t]he reasons for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural." *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 110 (1st Cir. 1987) (internal quotations omitted). The burden lies with the party seeking denial of a debtor's discharge to demonstrate by a preponderance of the evidence that the debtor (1) knowingly and fraudulently, (2) made a false oath in or in connection with the case, (3) relating to a material fact. *In re Donahue,* 2011 WL 6737074, at *11 (1st Cir. BAP 2011) (citing *In re Tully*, 818 F.2d at 110).

The Bankruptcy Appellate Panel for the First Circuit has held that "[a] debtor's Schedules and Statement of Financial Affairs are the equivalent of a verification under oath." *In re Warner,* 247 B.R. 24, 26 (1st Cir. BAP 2000) (citing 28 U.S.C. § 1746). The requirement that a false oath be "knowingly and fraudulently" made is met "if the debtor 'knows the truth and nonetheless willfully and intentionally swears to what is false.'" *In re Sullivan*, 444 B.R. at 8 (Bankr. D. Mass. 2011) (quoting *In re Mukerjee*, 98 B.R. 627, 629 (Bankr. D.N.H. 1989)). As the Court of Appeals for the First Circuit has observed, "reckless indifference to the truth . . . has consistently been treated as the functional equivalent of fraud for purposes of §727(a)(4)(A)." *In re Sullivan*, 444 B.R. at 8 (quoting *In re Tully*, 818 F.2d at 112). A material fact under § 727(a)(4) is one that has a non-trivial effect upon the estate and the creditors. *In re Sullivan,* 444 B.R. at 8. The subject matter

2

of a false oath is material, and thus sufficient to bar discharge, if it "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of property." *In re Tully,* 818 F.2d at 111 (quoting *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616, 618 (11th Cir.1984)).

Mr. Dotson has doggedly maintained throughout this proceeding that Mr. Cogswell misstated or omitted information in his schedules of assets and liabilities and statement of financial affairs ("SOFA") which Mr. Cogswell signed under the pains and penalties of perjury and filed with the court to accompany his bankruptcy petition. Mr. Dotson also insists that Mr. Cogswell testified falsely while under oath at his meeting of creditors conducted by his chapter 7 trustee pursuant to Bankruptcy Code § 341. Mr. Dotson points to this behavior as justifying the denial of Mr. Cogswell's discharge.

At trial, Mr. Dotson's case-in-chief consisted of his own testimony and the introduction of fifteen exhibits. At the close of Mr. Dotson's case, Mr. Cogswell moved for judgment under Fed. R. Civ. P. 56, made applicable to bankruptcy cases by Fed. R. Bankr. P. 7056. I took the matter under advisement and herewith render my findings of fact and conclusions of law.

Mr. Dotson sought and had the burden to prove that Mr. Cogswell made misstatements on his schedules of assets and liabilities and his SOFA and in his testimony at his 341 meeting of creditors. Mr. Dotson alleged that Mr. Cogswell misstated his 2009 income in response to question 1 of his SOFA; that Mr. Cogswell misstated his transportation expense on schedule J of his schedules of assets and liabilities; that he listed a mortgage liability to Athol Clinton Cooperative Bank, secured by property at 0 Jewett Road in Barre, Massachusetts when he did not own that property; that he listed on schedule F a debt to Capital One Bank which he obtained on

3

behalf of a fictional entity described as "dba BC Builders"; that he erred in describing on schedule B the model year of his 17-foot Manatee boat; that he failed to disclose in response to SOFA question 18 his ownership interest in an entity called SC Construction; and that he failed to disclose in response to SOFA question 17 that the Town of Barre had put him on notice of possible environmental violations in connection with Mr. Dotson's property.

I find that Mr. Cogswell did not misstate his 2009 income in answer to question 1 of his SOFA. Mr. Dotson's assertion that at his 341 meeting Mr. Cogswell admitted that his 2009 income was $120,000 rather than "+/-$12,500" as set forth in the SOFA represents a misunderstanding by Mr. Dotson. Having listened to the official audio recording of Mr. Cogswell's 341 meeting which was placed into evidence, I conclude that Mr. Cogswell's 341 meeting testimony was not inconsistent with his answer on the SOFA. At the 341 meeting Mr. Cogswell testified that the 2009 gross income for his company, LEA Builders, was $120,000. This testimony is not inconsistent with Mr. Cogswell's answer on his SOFA as to his *personal* income for that year which was only in the $12,500 range.

I find that Mr. Cogswell did not misstate on schedule J of his schedules of assets and liabilities his $50 per month transportation expense. Mr. Dotson claims this is false because Mr. Cogswell did not list in his schedules ownership of any motor vehicles and thus could not have had a transportation expense. Since transportation expenses can include any number of possible legitimate expenses unconnected to car ownership, such as bus or cab fare or reimbursing another person for gas when borrowing a car, Mr. Dotson's assertion cannot be credited.

I find the fact that Mr. Cogswell listed a mortgage liability to Athol Clinton Cooperative Bank, secured by property at 0 Jewett Road in Barre, Massachusetts, not to be a misrepresentation

4

that he owned that property or any other property. Mr. Cogswell's schedule D ("Creditors Holding Secured Claims") states that he owed money to Athol Clinton Cooperative Bank on the petition date and that the loan was secured by real estate. The fact that Mr. Cogswell never owned that real estate or that there may in fact be no real estate with an address of 0 Jewett Road is not material in the context of schedule D which is intended to disclose *creditor* information. It is not uncommon for a debtor to be liable as a co-maker or guarantor on a debt secured by property belonging to someone else. The fact that Mr. Cogswell did not assert an ownership interest in 0 Jewett Road or any other property on Jewett Road even though the property secured indebtedness for which he is liable is not a misstatement. While technically in these situations the proper place to list such indebtedness would be on schedule F, the list of unsecured creditors, debtors often assume that since the debt is secured (even though by property of another) it should be listed on schedule D.

I find that Mr. Cogswell's listing on schedule F of a debt to Capital One Bank described as "dba BC Builders" was not false. Even though Mr. Cogswell testified at his 341 meeting that BC Builders was a fictitious company which he invented so as to qualify for Capital One's promotional interest rate, this does not render his disclosure on schedule F false. On the contrary, Mr. Cogswell described the nature of Capital One's debt truthfully and while he may have exposed himself to a non-dischargeability claim under Bankruptcy Code § 523(a)(2) by Capital One, he did not make a false oath under § 727(a)(4)(A).

As discussed previously in my Memorandum and Order on Defendant's Motion for Summary Judgment, Mr. Cogswell's describing in his schedules the 17-foot Manatee boat as a 1976 model rather than a 1969 model is harmless error. Also, his failure to list Lot 2 Jewett Road in Barre as an asset was not a misstatement as the evidence has established that Mr. Cogswell and his

5

partner conveyed that lot to LB Builders, Inc. some five years prior to Mr. Cogswell's bankruptcy filing. The fact that LB Builders, Inc. is a corporation in which Mr. Cogswell is a principal does not make Lot 2 his property and thus he had no obligation to list it as such on his schedules.

There are two omissions by Mr. Cogswell in his schedules and SOFA that Mr. Dotson has successfully established. First, Mr. Cogswell failed to disclose his ownership interest in an unincorporated business known as SC Construction in answer to SOFA question 18. Second, Mr. Cogswell failed to disclose that the Town of Barre had put him on notice of possible environmental violations in connection with Mr. Dotson's property at 361 Jewett Road. While Mr. Dotson has established the existence of these omissions, he has failed to establish that their disclosure would have had a material impact on Mr. Cogswell's bankruptcy estate or that the omissions were undertaken by Mr. Cogswell knowingly and fraudulently or even with reckless indifference by him to the truth.

Thus while Mr. Dotson has indeed proven that Mr. Cogswell omitted or misstated information from his schedules and SOFA, in order to prevail on a denial of discharge claim under § 727(a)(4)(A) Mr. Dotson also had the burden to prove that the omissions and misstatements were material and were made by Mr. Cogswell knowingly and fraudulently. *See In re Donahue,* 2011 WL 6737074, at *11 ("To deny a discharge under § 727(a)(4)(A), the Court must find that the debtor (1) knowingly and fraudulently, (2) made a false oath in or in connection with a case, (3) relating to a material fact."). Mr. Dotson having failed to carry his burden of proof, Mr. Cogswell is entitled to judgment in his favor. A separate judgment shall enter.

**Remainder of page intentionally left blank.**

At Worcester, Massachusetts this 17th day of July, 2012.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   James L. O'Connor
Nickless, Phillips and O'Connor
Fitchburg, Massachusetts
For the defendant

John Dotson
Pro se plaintiff